# Richmond.

## STARKE v. SCOTT AND ALS.

### December 13th, 1883.

1. ATTACHMENTS—*Non-resident.*—Under Code 1873, ch. 148, § 3, an attachment cannot create a lien on the property of a *non-resident* defendant who has never been a resident of this State. Otherwise as to a nonresident who has but lately absconded from this State, § 6 providing that the return shall be "to the next term of the circuit, county or corporation court of the county or corporation wherein the *debtor last resided.*" *Long* v. *Ryan*, 30 Gratt. 718.

2. IDEM—*Residence—Change—Onus probandi.*—Residence once established, is presumed to continue until proved to have been changed; and the burden of proving the change is on him that asserts it.

3. IDEM—*Idem—Evidence.*—Testimony of officer that since attachment issued, he served process in other suits against the attachment debtor by leaving copies with his wife at his house and explaining purport, is admissable as evidence tending to establish residence.

4. IDEM—*Claimants of attached property—Proper issue.*—When under § 25 petitioner claims the attached property, the proper issue to be tried is, "whether or not petitioner has any title to, lien on or interest in the attached property or its proceeds."

5. IDEM—*Case at bar.*—D, who had just been detected in forgeries, on 11th March, 1880, fled the State, leaving and not providing to remove his family. A few days before he obtained by forgery or otherwise $1,050, and the morning of his flight borrowed $100. This last sum was all he was known to have taken with him. On 15th March Scott, a creditor with an undue debt, attached under § 3 the property in this State of D as an absconding debtor. On the 16th April, Starke, a creditor with a due debt, attached same property under § 1 as that of a non-resident debtor. Starke then under § 25 filed his petition disputing the validity of Scott's attachment, and claiming a lien thereon under his own.

HELD:

1. The evidence shows case for attachment under § 3, and Scott's is valid.

2. The evidence does not show change of D's residence. He cannot be deemed a non-resident within the purport of § 1.

Error to judgment of circuit court of city of Richmond, rendered 18th July, 1880, in the matter of the petition filed by P. H. Starke, in an attachment case therein pending, wherein Wm. H. Scott is plaintiff and L. R. Dickinson is defendant (under Code 1873, ch. 148, § 25), disputing the validity of said Scott's attachment, and alleging in petitioner an interest in and a lien on the property levied on by virtue of an attachment sued out by said Starke; and also, error to a certain other judgment pronounced by said court in said proceedings on 17th June 1880.

Verdict against Starke, and judgment for Scott. Starke obtained thereto a writ of error and supersedeas.

Opinion states the facts, the issue, and positions taken in the case.

*Jackson Guy, Kean & Davis* and *Harvey Willson,* for the plaintiff in error.

*Thos. G. Jackson* and *Cannon & Courtney,* for the defendant in error.

FAUNTLEROY, J., delivered the opinion of the court.

It appears from the record that Luther R. Dickinson, a citizen of the State of Virginia, residing, with his family, upon his own property, in the county of Henrico, near the corporation line of the city of Richmond, on March 11th, 1880, boarded the Northern bound train on the Richmond, Fredericksburg and Potomac railroad, at "Elba," the last depot of the said road in the city of Richmond, going

North. No one, so far as the record discloses, knew whither he went, nor where he was at the institution of this suit. He had just been detected in, and had made confession of, systematic and heavy forgeries, which he had been perpetrating for years, whereby the banks, and other persons in the community, had been swindled to the extent of, at least, $28,000. He was an exposed and confessed criminal, and a fugitive from justice.

William H. Scott, a creditor of the said L. R. Dickinson, whose claim was not due, sued out an attachment against the said Dickinson, under the 3d section of chapter 148 of the Code of Virginia, 1873, and caused the same to be levied upon the estate of the said Dickinson on March 15th, 1880.

P. H. Starke, the appellant, a creditor of said Dickinson, whose claim was due, sued out an attachment against said Dickinson, under the *first* section of the said chapter 148, of the Code of Virginia, 1873, and caused the same to be levied upon the estate of the said Dickinson on April 16th, 1880; and, on June 11th, 1880, under the *twenty-fifth* section of the said chapter, filed in the circuit court of the city of Richmond his petition disputing the validity of the said attachment of said Scott, and asserting *his lien,* by virtue of his attachment aforesaid; and, on the trial of his said petition, and before the jury were sworn, he, by his counsel, moved the court to give to the jury, as the *issue* to be tried, the following, to-wit: "The issue which the jury are sworn to try, in this cause, is, whether the petitioner, P. H. Starke, *has such a lien* on the property, or any of it, levied upon by the sheriff of Henrico, under the attachment sued out by W. H. Scott on the 15th March, 1880, before W. Hall Crew, a justice of the peace for the city of Richmond, against the estate of L. R. Dickinson, or in the proceeds of such property, *as is asserted by him in the petition in this cause.*"

The court refused to give this issue; and gave to the

jury the following issue, viz: "Whether the petitioner, P. H. Starke, has any lien on the property, or any of it, levied upon by the sheriff of Henrico, under the attachment sued out by W. H. Scott in this cause against the estate of L. R. Dickinson."

To this action of the court the petitioner, Starke, excepted.

The jury found by their verdict "that the petitioner, P. H. Starke, has no lien upon the property, or any of it, levied upon by the sheriff of Henrico county, under the attachment sued out by Wm. H. Scott in this cause, against the estate of L. R. Dickinson." Whereupon the said P. H. Starke moved the court to set aside the verdict and grant him a new trial, which motion the court overruled, and gave judgment that the said petitioner, P. H. Starke, take nothing by his said petition, and that the plaintiff, Scott, recover against the said Starke his costs by him expended in defending the said petition.

The court sustained the validity of Scott's attachment, and directed the payment to him of such proportion of the moneys in the hands of the sheriff of Henrico county arising from the sale of the attached property as he was entitled to, there being other attachment creditors who sued out their attachments at the same time with the said Scott.

The appellant assigns as error—

1st. "That the court erred in refusing to swear the jury upon the issue presented by the petitioner, Starke, and in giving the issue on which the jury were sworn in the case."

This assignment of error is not well taken. The issue proposed by the petitioner was not in proper form; it was indefinite and vague, and would have left the jury to grope among the papers in the cause for an issue to which they could respond by their verdict. The issue given them was, whether the petitioner, Starke, had any lien upon the pro-

perty levied upon by the attachment of the said W. H. Scott. This was the direct and specific point of the contention made by the petition. Starke could have a lien upon the property levied on only by reason of the levy of his attachment; and if it had been sued out upon false suggestions or insufficient grounds, he could have no standing in court. Daniel on Attachments, §§ 195, 196, 197; *Smith* v. *Hunt,* 2 Robs. Reports, p. 208.

The verdict of the jury was directly responsive to the issue which they were summoned to try; and we think the court did not err in overruling the motion to set it aside. Nor do we think the court erred in admitting, before the jury, the testimony of W. Walsh, deputy sheriff, that he had served process in other suits against L. R. Dickinson, since the 15th of March, 1880, by leaving a copy with his wife, at his residence in Henrico county, and explaining the purport thereof to her. This was a circumstance proper to go to the jury, as relevant to the very issue they had to try—the question of the residence of the fugitive from justice, L. R. Dickinson, the defendant to the attachments.

The third and last assignment of error is, "that the court erred in refusing to give the three instructions to the jury, asked for by the petitioner, and in giving the two instructions given by the court."

The question under consideration in this case, is a question of lien; and the contest is between lienors, by virtue of attachment sued out under chapter 148, Code of Virginia, 1873. The appellee Scott's attachment was sued out under the third section, and duly levied March 15th, 1880; the attachment of the appellant, Starke, was sued out under the first section, and levied upon the same property April 16th, 1880.

The 26th section of the said chapter 148 provides that the attachment first served shall have *priority* of lien. The question then is, was Scott's attachment properly sued

out? It is shown by the record, that L. R. Dickinson was, on the 11th day of March, 1880, and had been for many years previous thereto, a citizen of the State of Virginia, residing with his own family, upon his own property, in Henrico county, near the city of Richmond. That he owned, beside the property upon which he lived, real and personal property in Richmond, where he conducted business. He was hopelessly insolvent, and was compelled and impelled by the sudden exposure of his long concealed crimes of forgery and fraud, to flee beyond the reach of the criminal process of the State. He collected and raised all the money that he could by forgery, falsehood or otherwise, obtaining at least $1,050.00; and on the 11th of March, the very morning of the day he fled, he endeavored to obtain a suit of clothing from E. B. Spence, to be paid for in advertisements in his (Dickinson's) paper. On the same day he applied to several brokers, and endeavored to obtain money from them upon forged paper, and applied to others to swap checks with him, when he had no credit balance in bank; and the record shows that it was a known fact that he did take away with him $100 in money.

We think that the appellee, Scott, had reasonable grounds and probable cause for believing that said Dickinson had removed, intended to remove, and would remove, his effects out of the State of Virginia, so that there would not probably be left therein sufficient effects of his, Dickinson, the debtor, to satisfy the debt due to or the claim of him, Scott, the creditor, when judgment should be obtained therefor, should only the ordinary process of law be used to obtain such judgment. The evidence of the record shows "the existence of the state of facts in which it (the law) allows the extraordinary remedy of attachment." *Claflin* v. *Steinbock & Co.*, 18 Gratt. 861.

On the 11th of March, 1880, L. R. Dickinson was a resident of the State of Virginia, and on that day he secretly

and suddenly left the State, leaving his home and family, and making no provision for their removal. Exposed to the heavy penalties of the violated law of the State, and the accusations of his own guilty conscience, he was a fugitive and an unknown wanderer, who could not stay, or intend to stay, in any place, or acquire any abode or residence as contradistinguished from a mere locality of existence. *Long* v. *Ryan,* 30 Gratt. 731. And the facts of the case do not afford any evidence of a change of residence by him. But while it is true that an attachment cannot become a lien upon the property of a *non-resident* defendant, who has never been a resident of this State, it is, we think, equally true that an attachment, under § 3, ch. 148, of the Code, may be sued out and become a lien upon the property of a non-resident of this State who has but lately removed or absconded from the State ; that such an attachmen is expressly within the meaning and intent of the statute, which has expressly provided that such attachment shall be returned to the next term of the circuit, county or corporation court in which the debtor *last resided.* § 6, ch. 148, Code 1873; Barton's Law Practice, p. 306; Daniel's Attachments, p. 58.

The instructions given by the court to the jury were appropriate to the facts of the case in evidence; and they were substantially right; and we do not think the court erred in refusing to give the instructions asked for by the appellant. And from the whole record in the case, we think it clear that, even under the instructions asked for by the appellant, a different verdict could not have been rightly found. *Danville Bank* v. *Waddill,* 27 Gratt. 451.

He who alleges a change of residence must prove such change of residence. *Philson's Trustee* v. *Bushong, &c.,* 29 Gratt. 240; *Lindsay* v. *Murphy,* 76 Va. 430. And, in this connection, it may be remarked that the learned counsel for the appellant, Starke, insisted, on the trial in the court

below, that the attachment of the appellee, Scott, was invalid, for the reason that said L. R. Dickinson was not a non-resident of this State on the 15th of March, 1880, the day on which the appellee Scott's attachment was levied.

Upon the whole case, we think the judgments complained of were right, and that they must be affirmed.

LEWIS, P., and HINTON, J., dissented.

JUDGMENTS AFFIRMED.